## CLARENCE MAXSON
vs.
## DYKE L. QUACKENBUSH, ET AL.

Superior Court    New London County    File April Term

Present: Hon. ALLYN L. BROWN, Judge.

Griswold Morgan,              Attorney for the Plaintiff.

Herbert W. Rathbun,         Attorney for the Defendant.

## OPINION DELIVERED FROM THE BENCH,
### MARCH 13, 1935.

BROWN, J. "I think it is only fair for the court to say that counsel for the plaintiff has presented the case as fully and favorably as it can be, but the difficulty with this young man's case is that the record he has made and the facts here in evidence are something that no counsel can overcome.

"There is apparently no difference between the court and counsel as to what the law is that bears upon this situation. This is an application for a temporary mandatory injunction requiring the school board of the town of Stonington to reinstate this young man for the rest of this school term.

"The only way this court could grant such a petition would be to find the school board had acted unreasonably and had discriminated against this young man, but the court would be unreasonable to so find in this instance.

"Our school boards are given authority to run the schools in the territories where they have jurisdiction, and if there is any abuse of authority or discretion, those aggrieved have the right to come into court and ask for an injunction, and that is the only ground on which such a proceeding as this is predicated.

"As I have said this is a hearing upon the granting of a temporary injunction only; this case is not yet in court; that

is why it is being heard before me here as a judge and not as the court. If counsel thinks it worth while he can try the action on the merits for a permanent injunction, but my advice is that no such course of action be followed. As to the showing here I would not be warranted in granting a temporary injunction, and from the evidence as here presented on these facts surely a permanent injunction would not be warranted.

"I notice there appears to be a number of young people here interested in this case, perhaps some are among the so-called strikers of this school, and if so, perhaps I can depart from the usual course of court procedure to say they had best learn a lesson from this young man's experience.

"When adults in civil life see fit to carry on an insurrection against regularly constituted authority they are dealt with by fine, or confinement in jail, or prison when convicted of such disorders. When school children are so misguided and so foolish as to carry on in such a manner as has been testified to here today, I think they may consider themselves fortunate if they do not find themselves in the position where this young man now finds himself.

"Here is a misguided youth who thinks he can play truant from school; who thinks he can be late, and fail in his studies; who thinks he can be insolent, and upon being suspended thinks he can return when he wishes to, and then go out and participate in such a performance as this strike, and that the school board must then take him back to permit him to make more trouble. This defiant attitude seems to me a most reprehensible one for any one to take, especially for one who is being afforded such privileges of education as was this plaintiff.

"I advise this young man, while he is under suspension for the rest of the school year to use some common sense and think this matter over, give some thought to what his parents and the town have done for him, and acquaint himself with his responsibilities as well as his privileges; and for the future to right about face and steer the course of an appreciative law-abiding citizen.

"The petition for the temporary injunction is denied."